IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK DAVID POIRIER, § | | |
| Petitioner, § | | |
| § | | |
| V. § | Civil Action No. 4:21-CV-145-P | |
| § | | |
| ERIC D. WILSON, Warden, § | | |
| FMC-Fort Worth, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Mark David Poirier, a federal prisoner who was confined at FMC-Fort Worth at the time the petition was filed, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as moot.

**I. BACKGROUND**

At the time Petitioner filed the instant petition, he was confined at FMC-Fort Worth awaiting transfer to a residential reentry center (RRC) scheduled for July 7, 2021, with a projected release date of January 29, 2021. Resp't's Resp. 2, ECF No. 10. In this petition, Petitioner claims that the Bureau of Prisons (BOP) has failed to apply his earned time credits for evidence-based recidivism reduction programs under the First Step Act (FSA) toward his placement date in a RRC. Pet. 7–8, ECF No. 1. He asserts that he is entitled to 500 hours for successfully completing "HVAC/VoTech" and 500 hours for successfully completing "RDAP" or a total of 62.5 days of earned-time credit toward his release to a RRC. Pet'r's

Suppl. 2, ECF No. 12. Petitioner provided notice to the Court on July 8, 2021, that he was being released to a RRC in Waco, Texas, on July 7, 2021, and the Court has confirmed that he is no longer confined at FMC-Fort Worth. *See* U.S. Department of Justice, Federal Bureau of Prisons/ Inmate Locator, http://www.bop.gov (last visited August 10, 2021). Respondent asserts that the petition should be dismissed on exhaustion grounds or, in the alternative, that Petitioner is not entitled to the relief requested. Resp't's Resp. 2–8, ECF No. 10.

**II. DISCUSSION**

Under the FSA, time credits may be earned toward prerelease custody or supervised release by eligible prisoners who successfully complete "evidence-based recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4)(A). However, federal courts lack authority "to decide moot questions or abstract propositions" or issues "that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bur. of Prisons,* 220 F. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969)); *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey,* 821 F.2d at 278. "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction

to resolve the issues it presents." *Adair v. Dretke,* 150 F. App'x 329, 2005 WL 2473569, at *2 (5th Cir. Oct. 6, 2005) (quoting *Goldin v. Bartholow,* 166 F.3d 710, 717 (5th Cir. 1999)). Because Petitioner has been released to a RRC, the Court can no longer provide Petitioner with the relief he seeks. Nor has Petitioner alleged that in the wake of his release to a RRC he will face any on-going collateral consequences related to his petition. *Bailey,* 821 F.2d at 278. Dismissal of the petition as moot is therefore appropriate.[1]

### III. CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as moot.

**SO ORDERED** on this 10th day of August, 2021.

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] Because the petition has been rendered moot, it is not necessary to address the issue of exhaustion or the merits of the petition.